Vélez, Demandante y Apelante, *v.* The Porto Rican and American Insurance Company, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre cobro de póliza.

No. 2914.—Resuelto en junio 25, 1923.

Evidencia—Veracidad de un Testigo—Prueba.—Si a un testigo cuya veracidad se trató de atacar bajo el fundamento de que bajo juramento hizo anteriormente manifestaciones contrarias ante un notario, no se le muestra el escrito en que las hizo como exige el artículo 159 de la Ley de Evidencia, no puede concluirse que la veracidad del testigo ha quedado impugnada.

Seguro de Vehículos Contra Colisión—Prueba.—Probado que la destrucción del camión asegurado obedeció a que a virtud de maniobras del chauffeur para no arrollar a un jinete derribado a causa de haberse espantado su cabalgadura, el camión chocó violentamente contra un montón de piedras apiladas en la carretera y cayó al río por un precipicio, es preciso concluir que el accidente está cubierto por una póliza que obliga a la aseguradora a indemnizar "cuando el daño o destrucción sean causados por colisión accidental con otro objeto fijo o en movimiento con exclusión de los daños causados por caída o vuelco, a menos que la caída o vuelco sea el resultado directo e inmediato de tal colisión accidental."

Id.—Importe de los Daños—Prueba.—Probado que el camión asegurado valía más de $4,000, y que había quedado inservible, procede dictar una sentencia por $4,000.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Valldejuli.*

Abogados de la apelada: *Sres. Chas. Hartzell* y *F. Ramírez de Arellano.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Guillermo Vélez aseguró el 21 de mayo de 1921 un camión automóvil (*truck*) de su propiedad por $4,000 contra colisión en la corporación de The Porto Rican and American Insurance Co., siendo los términos de esa cláusula los siguientes: Indemnizar al asegurado contra pérdidas por razón de daños o destrucción si es causado solamente por colisión accidental con otro objeto fijo o en movimiento, con exclusión de los daños causados por caída o vuelco, a menos que la caída o vuelco sea el resultado directo e inmediato de tal colisión accidental.

Vélez demandó a dicha corporación para que le pague $4,000 alegando que el 21 de noviembre de 1921 dicho camión fué objeto de un choque o colisión que lo destruyó totalmente, por el cual perdió su camión valorado y asegurado en $4,000, y que la demandada no le ha satisfecho en todo ni en parte la pérdida de $4,000, a pesar de los requerimientos que le ha hecho. Se opuso la demandada a esa reclamación alegando que no hubo colisión porque el camión no chocó con objeto alguno fijo o en movimiento sino que se desvió del centro de la carretera, sin motivo alguno, en dirección a un precipicio por el que se cayó, yendo a dar en el río donde se quedó parcialmente sumergido; que el motivo de no pagar la cantidad reclamada es porque el accidente sufrido por el camión no está cubierto por la póliza; y negó por falta de información suficiente que el demandante perdió su camión valorado en $4,000.

Celebrado el juicio, el tribunal inferior dictó sentencia declarando sin lugar la demanda porque los hechos y la ley están a favor de la demandada, pero no escribió opinión para fundarla.

Interpuesto recurso de apelación por el demandante alega como único motivo para él que el tribunal inferior cometió error en apreciación de la prueba.

Según la contestación, el motivo que la demandada ha tenido para no pagar los $4,000 que se reclaman es porque el accidente no está cubierto por la póliza por no ser la caída del camión por el precipicio el resultado directo e inmediato de una colisión accidental que tuviera con un cuerpo fijo o en movimiento; y en los términos en que está redactada podemos entender que no discute ni niega el valor del daño sufrido por el demandante sino, solamente, que tenga obligación de pagar cantidad alguna de acuerdo con la manera en que relata la causa de la caída del camión. Por esto, sin duda, la prueba en el juicio fué casi exclusivamente sobre la manera como el accidente ocurrió.

Resulta de las declaraciones de los testigos del deman-
dante que yendo el camión por la carretera de Lares a Are-
cibo bajando una cuesta, a eso de las cinco de la mañana, y
estando todavía obscuro, de pronto, en una pequeña curva,
fué visto un hombre a caballo cuyo animal se espantó y tiró
a tierra al jinete quien cayó frente al camión y que para
evitar el *chauffeur* arrollar al hombre, metió el guía hacia
la derecha y el carro chocó con uno de los montones de pie-
dra triturada que había a la derecha de la carretera, de ma-
nera tan violenta, que el guía se le fué de las manos y el ca-
mión cayó por el precipicio hasta el río.   Así lo declararon
el *chauffeur* Venancio Román, Ramón Luciano, José S. Pé-
rez, quien con el anterior iba sentado junto al *chauffeur*, y
Eulogio Feliciano, que era el jinete derribado por el caballo.
También declaró el peón caminero Francisco Román que
avisado de ese suceso por el *chauffeur* fué al sitio de la ocu-
rrencia a las siete de la mañana y vió señales de haber cho-
cado el camión con un montón de piedras.   Guillermo Vélez,
dueño del camión, no presenció el accidente pero vió des-
pués el carro en el fondo del precipicio con la parte delan-
tera dentro del río, y en el aviso que dió por escrito a la
corporación demandada sobre el accidente expuso, por lo
que le comunicó el *chauffeur,* que yendo el camión para Are-
cibo "se metió el guía, yéndose por el precipicio de la de-
recha, teniendo que tirarse los pasajeros y el *chauffeur*
*   *   * y descendió por una pendiente hasta el río donde
se encuentra el auto.   *   *   * Se nota rota la capota, parte
de la caja, la rueda del guía, faroles, no pudiendo determi-
nar otras por estar el auto en el agua del río.''

La demandada no presentó prueba para contradecir esas
declaraciones pero trató de impugnar la declaración pres-
tada por Ramón Luciano, una de las tres personas que iban
en el camión cuando ocurrió el accidente, manifestando que
en otra ocasión el testigo había declarado todo lo contrario
en una declaración que juró ante un notario, y sin enseñar

esa declaración al testigo antes de interrogarle acerca de su contenido, como dispone el último párrafo del artículo 159 de la Ley de Evidencia, le preguntó si había declarado anteriormente que siéndole imposible al *chauffeur* controlar el carro, porque habían árboles se tiró y dejó el carro, habiendo contestado el testigo que dijo que había un montón de piedras, e insistió en que no había declarado que también habían muros y árboles sino que había un montón de piedras. Habiendo negado el testigo que ante un notario declarase como le preguntaba la defensa de la demandada, y no habiendo sido presentada en el juicio la declaración notarial que la demandada dijo haber prestado el testigo anteriormente ante un notario, no pudo el tribunal inferior, ni podemos nosotros, sostener que la declaración de ese testigo ha sido impugnada.

Tampoco la manifestación hecha por el dueño Vélez en su aviso a la demandada de que el accidente ocurrió porque "se metió el guía" impugna las declaraciones de los testigos respecto a la forma en que ocurrieron los hechos, pues todos ellos declaran que el *chauffeur* metió el guía por no matar al hombre que cayó del caballo y que por esto el camión chocó con el montón de piedras y se fué por el precipicio.

Por consiguiente, entendemos que los hechos ocurrieron como aparecen de la prueba del demandante, por lo que la caída del camión por el precipicio fué producida directa e inmediatamente por el choque accidental que tuvo con un montón de piedras, y que al estimar el tribunal que los hechos estaban en favor de la demandada cometió un manifiesto error en la apreciación de las pruebas.

Como antes hemos dicho la verdadera controversia ha sido en este pleito sobre si el accidente está cubierto por la póliza y no sobre la cuantía de la reclamación hecha, pero a pesar de esto se probó con la declaración de Vélez que el camión valía más de $4,000 y con el *chauffeur* que había quedado inservible y que sólo valdrían cuatrocientos dólares las

piezas que tenía, por lo que entendemos que la demandada debe pagar al demandante los $4,000 que le reclama.

La sentencia apelada debe ser revocada y dictarse otra declarando con lugar la demanda sin especial condena de costas.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.